# In the United States District Court for the Southern District of Georgia
## Brunswick Division

| | |
|---|---|
| DAKOTA FINANCIAL LLC, a Delaware limited liability company, | |
| Plaintiff, | CV 2:25-100 |
| v. | |
| DAMICO BATTLE, | |
| Defendant. | |

## ORDER

This matter is before the Court on a subject matter jurisdiction inquiry. Plaintiff Dakota Financial LLC initiated this action in the Superior Court of Wayne County, Georgia, on March 28, 2025. Dkt. No. 1-1 at 2. Therein, Plaintiff alleged that Defendant Damico Battle had breached the parties' vehicle lease agreement. Id. at 3. Plaintiff brought against Defendant a claim for breach of agreement (Count I) and a claim of replevin (Count II). Id. at 3, 4. On August 6, 2025, Defendant removed the case to this Court. Dkt. No. 1.

### LEGAL AUTHORITY

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it

may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

## DISCUSSION

In the removal notice, Defendant asserts this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.[1]  Dkt. No. 1 at 4.

### I. Federal Question Jurisdiction

Section 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This is often referred to as "federal question" jurisdiction.  In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense. See id. at 393.

In the notice of removal, Defendant acknowledges that the complaint arises from "an alleged debt and repossession activity

---

[1] Defendant also asserts the Court has jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.  Dkt. No. 1 at 1.  Those statutes, by themselves, do not provide district courts with original jurisdiction.  Instead, § 1441 provides the jurisdictional bases for removal, and § 1446 sets forth the procedural requirements for removing a state court action to federal court.

2

related to a vehicle." Dkt. No. 1 at 2. Indeed, the complaint alleges Defendant breached the parties' lease agreement. Dkt. No. 1-1 at 1-2. Plaintiff brings one claim of breach of contract and one claim of replevin, which are state law—not federal law—claims. Id. at 3, 4. The Court concludes the face of the complaint does not confer federal question jurisdiction upon this Court.

Notably, Defendant alleges in the notice of removal that "Plaintiff has engaged in unlawful debt collection, threatening to repossess the Defendant's truck without lawful authority or due process, in violation of 18 U.S.C. § 894 (Extortionate Credit Transactions) and 18 U.S.C. § 1961-1968 (Racketeer Influenced and Corrupt Organizations Act—RICO)." Dkt. No. 1 at 3. It appears Defendant is basing federal question jurisdiction on his federal defenses to Plaintiff's complaint. However, "the general rule is that a case may not be removed to federal court on the basis of a federal defense." Caterpillar, Inc., 482 U.S. at 392. Though "Congress has . . . created certain exceptions to that rule," Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003), Defendant has not shown that any of those exceptions are relevant here, see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Therefore, the Court concludes no federal question jurisdiction exists in this case.

## II. Diversity Jurisdiction

Defendant does not assert diversity jurisdiction as a basis for removal in his notice of removal. <u>See</u> Dkt. No. 1. In fact, not only does Defendant fail to expressly invoke 28 U.S.C. § 1332, he also fails to allege the jurisdictional requirements under the diversity jurisdiction statute. The requirements of removal are strictly construed, and the thirty-day period to amend the notice of removal has expired. <u>See</u> <u>Sonoc Co., LLC v. Manucy</u>, No. 3:08-cv-409, 2008 WL 11336348, at *2 (M.D. Fla. June 30, 2008). "Therefore, Defendant's only basis of removal in this action is federal question jurisdiction pursuant to 28 U.S.C. § 1331." <u>Id.</u> (citing <u>Ervast v. Flexible Products, Co.</u>, 346 F.3d 1007, 1012 n.4 (11th Cir 2003) (dismissing argument that diversity jurisdiction existed and "declin[ing] the invitation to exercise jurisdiction on that basis because [defendant] had the burden to plead this basis in its notice of removal, and it did not" (citation omitted))). Therefore, the Court concludes that it does not have subject matter jurisdiction over this removed action, and this case must be **REMANDED**.

### CONCLUSION

The Court finds that it lacks subject matter jurisdiction over this matter. It is therefore **ORDERED** that this case be **REMANDED** to the Superior Court of Wayne County, Georgia.

4

**SO ORDERED**, this 3 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA